UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GINA PURVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-1348 |
| THE BOARD OF EDUCATION OF HALL HIGH SCHOOL DISTRICT 502, DANIEL OEST, PATRICIA LUNN, GARY VICINI, THE CITY OF SPRING VALLEY, ILLINOIS, AND DOUGLAS BERNABEI, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court is a Motion to Dismiss by the Board of Education of Hall High School (the "Board") District 502 [#31]. For the reasons set forth below, the Board's Motion to Dismiss [#31] is DENIED.

**JURISDICTION**

This Court has jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

The Complaint arises out of an unfortunate series of events.[1] The Plaintiff, Gina Purvis ("Purvis"), was a tenured Biology teacher at Hall High School ("Hall") in Spring Valley, Illinois. This sordid tale begins back in the Spring of 2004 when rumors began to surface that Purvis was having sex with Mickey Ribas (Ribas), who was her 15-year old student at the time.  Ribas and other fellow students spread false rumors that he and Purvis were having a consensual sexual

---
[1]Unless otherwise noted, all facts come from Plaintiff's Second Amended Complaint.

relationship, stating that they had sex at school, at Purvis's home, in her car, and in Ribas' home. As the rumors spread, Hall Principal Patricia Lunn ("Lunn") agreed with Daniel Oest ("Oest"), Superintendent of Hall, to allow Oest and Gary Vicini ("Vicini"), Dean of Students and head football and track coach, to investigate the rumors. Lunn and Vicini failed to inform Oest that Purvis had previously reported Vicini to Lunn for allegedly sexually harassing a female student in 2003.

On November 10, 2004, Oest and Vicini met with Ribas. Ribas denied any sexual relationship with Purvis. Vicini threatened Ribas with expulsion or jail if he did not admit that the rumors were true. To avoid punishment, Ribas was persuaded to say that the rumors were true. Vicini, rather than Lunn or Oest, reported Purvis to Chief Douglas Bernabei ("Bernabei") of the Spring Valley Police. Vicini did not inform Bernabei that Purvis had previously reported him for sexual harassment. In turn, Bernabei notified DCFS, despite the fact that he was aware that Oest and Vicini had persuaded Ribas to change his story.

Purvis was then investigated, arrested, and indicted for sexual assault against Ribas. Purvis was suspended by the School Board with pay pending the outcome of the criminal proceedings. On October 31, 2005, at the conclusion of a six-day bench trial, Purvis was acquitted of all charges. Purvis and the Board subsequently settled her employment dismissal during her pending statutory administrative dismissal hearing, without prejudice to her right to proceed in this action.

On February 22, 2006, Purvis filed her Second Amended Complaint in which she alleges that the Board violated her First, Sixth, and Fourteenth Amendment rights. In Count II of the Second Amended Complaint, Purvis also asserts a claim against the Board for negligent

retention, training, and supervision. The Board has moved to dismiss the applicable portions of the Second Amended Complaint, and this Order follows.

## DISCUSSION

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rule of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Section 1983 imposes liability where a defendant acts under color of a state law and the defendant's conduct violated the plaintiff's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. To establish a cause of action under § 1983, the plaintiff must allege (1) that the defendant has deprived her of a federal right, and (2) that the defendant acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). In reviewing the complaint on a motion to dismiss, the plaintiff is only required to set forth these elements in a short plain

statement showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2); <u>Alvarado v. Litscher</u>, 267 F.3d 648, 651 (7th Cir. 2001).

    I.    <u>§ 1983 Due Process Claim</u>

Purvis first alleges that the Board violated her due process rights. Specifically, Purvis contends that the Board, in part through the actions of Oest, Lunn, and Vicini, willfully, intentionally, and arbitrarily disregarded appropriate procedures and protocol in handling the investigation of the rumors. She further asserts that Defendants obstructed her investigation of the charges against her and her school administrative hearing, intimidated and harassed her student supporters and potential witnesses, failed to take prompt action to stop the harassment and intimidation of these witnesses by Ribas, threatened these witnesses with school punishment, as well as possible civil/criminal action, conducted undisclosed and unreported meetings with Spring Valley police, instructed teachers/staff/students to keep silent about relevant information supportive of Purvis' defense, instructed teachers/staff not to assist her in her defense, failed to immediately secure her personal property in her classroom to prevent it from being stolen, and failed to secure her classroom computer to prevent spoliation of the hard drive and files. As a result of these actions, Purvis claims that she was deprived of certain property and liberty interests, including her teaching position, loss of pay and benefits, attorney's fees and expenses in defending the criminal charges, and damage to her professional and personal reputation.

The Second Amended Complaint contends that the Board, acting through Oest, Lunn, and Vicini in their official capacities, was acting under color of state law, and therefore, the only issue is whether Purvis has suffered a deprivation of a constitutional right. In order to establish that her Due Process rights were violated, a plaintiff must demonstrate (1) that the interest lost

was a protected right under the Fourteenth Amendment; (2) that the loss amounted to a deprivation of that right, and; (3) that the deprivation was without due process of law. Polenz v. Parrott, 883 F.2d 551, 555 (7th Cir. 1989).

Here, Purvis has sufficiently pled the violation of her due process rights. Specifically, Purvis has alleged facts from which she could ultimately prove that she suffered a loss of property and liberty interests stemming from the Board's willful misconduct during the investigation. She contends that as a result of Defendants' conduct, she was deprived of her property interests in her teaching position, pay, and benefits, as well as been labeled as an "indicated perpetrator" on the DCFS list of sexual abusers. The fact that she was initially suspended with pay is not fatal to her claim, as she was later terminated[2] and alleges that she has also been foreclosed from future employment opportunities by virtue of the publicized stigma and damage to her professional and personal reputation. She also maintains that Defendants' willful misconduct interfered with her right to defend herself by denying her a full, fair, and unbiased investigation and trial, interfered with her right to compulsory process for obtaining favorable witnesses, as well as prevented her from being fully apprised of the charges against her. Drawing all inferences in favor or Purvis, the gist of several due process violations is readily discernable. For example, this circuit has recognized a constitutional due process right to be free from prosecution based on falsified or tainted evidence. *See* Fox v. Tomczak, 2006 WL 1157466 (N.D. Ill 2006). In addition, Purvis had a constitutional due process right to a fair trial and administrative proceedings. If the Board intentionally withheld facts, evidence, and

---

[2] Purvis and the Board ultimately settled her termination. However, that settlement was expressly "without prejudice to Plaintiff's right to proceed in this action."

influenced witness testimony, the Court cannot rule out the possibility that this right was also violated. *See* Gomez v. Riccio, 2005 WL 2978955 (N.D. Ill. 2005). Consequently, Purvis has sufficiently plead a Due Process violation and is entitled to proceed to discovery. Whether she can ultimately prove her case against the Board is a question to be resolved on another day on a complete factual record. Therefore, the Board's Motion to Dismiss the due process claims is denied.

II.  *§ 1983 Equal Protection Claim*

Purvis next brings an Equal Protection claim. Specifically, Purvis alleges that the Board, acting in part through Oest, Lunn, and Vicini in their official capacities, intentionally treated her differently than Vicini, a male who was previously accused of sexual misconduct toward a female student, with no rational basis for the difference in treatment other than an illegitimate animus against her. Specifically, she contends that the Board protected Vicini against investigation and prosecution for his sexual misconduct reported by Purvis while failing to investigate his bias and motives in coercing a Ribas to charge her and then prosecuting her for the persuaded/directed charges. Purvis further maintains that the Board protected Ribas, a male, against investigation and prosecution for his reported crimes so as not to diminish their efforts in prosecuting her. In the Motion to Dismiss, the Board argues that Purvis has failed to sufficiently plead her claim.

Again, the only question is whether Purvis's right to equal protection of the laws was violated. The Equal Protection Clause of the Fourteenth Amendment protects individuals from discriminatory administration and enforcement of the law. Jackson v. City of Moline, 2006 WL 1554075 (C.D. Ill. 2006). In a traditional Equal Protection claim, a plaintiff must demonstrate

that: (1) she is otherwise similarly situated to members of the unprotected class; (2) she was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent. Greer v. Amesqua, 212 F.3d 358, 370 (7th Cir. 2000). The Seventh Circuit also recognizes Equal Protection claims brought by a "class of one" when (1) the plaintiff alleges that she has been intentionally treated differently from others similarly situated and; (2) there is no rational basis for the difference in treatment or the defendant was motivated by discriminatory animus. McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2004).

In this case, Purvis pled that she is a member of a protected class (a female), that she is otherwise similarly situated to member of the unprotected class (Vicini), that she was treated differently than members of the unprotected class, and that the Board acted willfully, intentionally, and maliciously with discriminatory animus towards her as there was no rational basis for the difference in treatment. She has also alleged that the Board was motivated by discriminatory animus. Therefore, Purvis has sufficiently pled either a traditional or a "class of one" equal protection claim for purposes of resolving this Motion to Dismiss.

Moreover, the Board has adopted the arguments of Bernabei and the City of Spring Valley on this issue. As such, the Board's argument relies almost entirely on summary judgment standards, often referring to what Purvis most *prove*. However, this is a review of a motion to dismiss; all Purvis is required to do is sufficiently plead the elements of her claims. She has done so. As a result, the Board's Motion to Dismiss is denied in this respect, and she is entitled to proceed to discovery on this claim as well.

### III. *Negligent Retention, Training, and Supervision*

The Board argues that Purvis has failed to state a common law claim for negligent retention, training, and supervision. To succeed on this claim, she must establish: (1) that the employer knew or should have known that the employee had a particular unfitness for the employment position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness was the proximate cause of plaintiff's damages. Van Horne v. Muller, 185 Ill.2d 299, 705 N.E.2sd 898, 904 (Ill. 1998).

Purvis concedes that she has not properly alleged the requisite "knowledge" element of this claim and seeks leave to file an amended complaint to cure this deficiency. Accordingly, she will be given 14 days from the date of this Order in which to do so.

### IV. *Civil Rights Violation By the School District Under § 1983*

Finally, the Board argues that Purvis has not sufficiently alleged facts sufficient to support a proper cause of action against it. To establish that a school district has violated a plaintiff's civil rights, a plaintiff must demonstrate one of the following: (1) that the school district had an express policy that when enforced caused a constitutional deprivation; (2) that the school district had a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage within the force of the law; or (3) that the constitutional injury was caused by a person with final policy making authority. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995); Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316, 1324 (7th Cir. 1993).

Here, Purvis has alleged that Oest, Lunn, and Vicini took actions in their official capacities that violated her constitutional rights and that each of them was in a position for determining and setting the custom or policy on behalf of the Board. Specifically, she contends that these decision-makers willfully, maliciously, and intentionally obstructed her investigation of the charges against her, intimidated and harassed student and faculty/staff supporters, conducted undisclosed and unreported meetings with the police department, instructed faculty/staff/students to keep silent about information that could help her defense, failed to secure her personal property in her classroom to protect it from theft, and failed to secure her classroom computer to protect it from spoliation of the hard drive. When all facts and reasonable inferences are drawn in favor of Purvis, this is marginally sufficient to survive the Motion to Dismiss. Again, whether she will ultimately be able to prove her allegations is a question for another day.

V. *Emotional Distress*

The Board argues that Purvis has failed to plead a cause of action for intentional infliction of emotional distress. However, the Court does not interpret the Second Amended Complaint to assert any separate cause of action for intentional infliction of emotional distress, but rather as seeking compensation for the emotional distress that she has suffered as an element of damages under § 1983. Accordingly, this aspect of the Board's Motion to Dismiss is without merit.

VI. *Attorney's Fees*

The Board next challenges the request for attorney's fees in the Second Amended Complaint on the grounds that she is not entitled to recover any attorney's fees and expenses

incurred in connection with defending the criminal and administrative charges.  In her response, Purvis has clarified that she is seeking only statutory fees pursuant to 42 U.S.C. § 1988 in the event that she prevails in this litigation.  Accordingly, the Board's request to dismiss on this basis is denied.

    *VI.    Amount in Controversy*

Finally, the Board moves to dismiss Count I on the grounds that her prayer for relief is vague and does not clearly satisfy the jurisdictional requirement under 28 U.S.C. § 1332.  However, this argument is misplaced, as this action clearly is brought in part pursuant to § 1983.  As such, the Court has subject matter jurisdiction under 28 U.S.C. § 1331, regardless of the amount in controversy.

## CONCLUSION

For the above reasons, the Board's Motion to Dismiss [#31] is granted in part and denied in part.  The Motion is granted with respect to Count II without prejudice to the filing of an amended complaint curing the identified deficiencies and denied in all other respects.  Purvis shall file an amended complaint within 14 days from the date of this Order.  The Board shall respond to the amended complaint within 14 days from the date that the Third Amended Complaint is filed.

ENTERED this 11th day of August, 2006.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge