# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| GINA PURVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1348 |
| ) | |
| THE BOARD OF EDUCATION OF HALL HIGH ) | |
| SCHOOL DISTRICT 502, DANIEL OEST, ) | |
| PATRICIA LUNN, GARY VICINI, THE CITY ) | |
| OF SPRING VALLEY, ILLINOIS, AND ) | |
| DOUGLAS BERNABEI, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is a Motion to Dismiss by Defendants Daniel Oest ("Oest"), Patricia Lunn ("Lunn"), and Gary Vicini ("Vicini") [#29]. For the reasons set forth below, the Motion to Dismiss [#29] is GRANTED IN PART and DENIED IN PART.

## JURISDICTION

This Court has jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. § 1331.

## BACKGROUND

The Complaint arises out of an unfortunate series of events.[1] The Plaintiff, Gina Purvis ("Purvis"), was a tenured Biology teacher at Hall High School ("Hall") in Spring Valley, Illinois. This sordid tale begins back in the Spring of 2004 when rumors began to surface that Purvis was

---

[1]Unless otherwise noted, all facts come from Plaintiff's Second Amended Complaint and will be presumed to be true for purposes of resolving the present Motion.

having sex with Mickey Ribas (Ribas), who was her 15-year old student at the time. Ribas and other fellow students spread false rumors that he and Purvis were having a consensual sexual relationship, stating that they had sex at school, at Purvis's home, in her car, and in Ribas' home. As the rumors spread, Hall Principal Lunn agreed with Oest, Superintendent of Hall, to allow Oest and Vicini, Dean of Students and head football and track coach, to investigate the rumors. Lunn and Vicini failed to inform Oest that Purvis had previously reported Vicini to Lunn for allegedly sexually harassing a female student in 2003.

On November 10, 2004, Oest and Vicini met with Ribas. Ribas denied any sexual relationship with Purvis. Vicini threatened Ribas with expulsion or jail if he did not admit that the rumors were true. To avoid punishment, Ribas was persuaded to say that the rumors were true. Vicini, rather than Lunn or Oest, reported Purvis to Chief Douglas Bernabei ("Bernabei") of the Spring Valley Police. Vicini did not inform Bernabei that Purvis had previously reported him for sexual harassment. In turn, Bernabei notified DCFS, despite the fact that he was aware that Oest and Vicini had persuaded Ribas to change his story.

Purvis was then investigated, arrested, and indicted for sexual assault against Ribas. Purvis was suspended by the School Board with pay pending the outcome of the criminal proceedings. On October 31, 2005, at the conclusion of a six-day bench trial, Purvis was acquitted of all charges. Purvis and the Board subsequently settled her employment dismissal during her pending statutory administrative dismissal hearing, without prejudice to her right to proceed in this action.

On February 22, 2006, Purvis filed her Second Amended Complaint in which she alleges that the Board violated her First, Sixth, and Fourteenth Amendment rights. In Count II of the

Second Amended Complaint, Purvis also asserts a claim against the Board for negligent retention, training, and supervision. The Board has moved to dismiss the applicable portions of the Second Amended Complaint, and this Order follows.

## DISCUSSION

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rule of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Section 1983 imposes liability where a defendant acts under color of a state law and the defendant's conduct violated the plaintiff's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. To establish a cause of action under § 1983, the plaintiff must allege (1) that the defendant has deprived her of a federal right, and (2) that the defendant acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). In reviewing the complaint on a motion to dismiss, the plaintiff is only required to set forth these elements in a short plain

statement showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2); Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

### I.  Official Capacity Claims

Defendants first argue that the Second Amended Complaint improperly names them in their official capacities. Defendants correctly note that claims against school officials in their official capacity are essentially claims against the school board itself. Munoz v. Chicago Sch. Reform Board of Board of Trustees, 2000 WL 152138, at *8 (N.D.Ill. Feb. 4, 2000). As the claims against Oest, Lunn, and Vicini in their official capacities are subsumed within the claims against the Board of Education of Hall High School District 502, the official capacity claims are essentially redundant. Accordingly, Defendants' Motion to Dismiss the claims against them in their official capacities is granted.

### II.  Illinois Tort Immunity Act

Defendants next assert that they are immune from suit pursuant to the Illinois Tort Immunity Act (the "Act"), 745 ILCS 10/1-101, *et seq*. The Act provides absolute immunity for discretionary acts performed within the scope of employment. However, Purvis properly notes that the Act does not apply to claims brought under § 1983. As Purvis has asserted claims against Oest, Lunn, and Vicini under § 1983, this argument must fail.

Alternatively, Defendants contend that they are entitled to qualified immunity as officials with discretionary authority acting in their official capacities with respect to claims alleging violation of a plaintiff's constitutional rights. In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the United States Supreme Court enunciated the "modern standard to be applied in qualified immunity cases." Auriemma v. Rice, 895 F.2d 338, 341 (7th Cir. 1990). The Court stated:

> Governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.  The test for qualified immunity is "whether the law was clear in relation to the specific facts confronting the public official when [he or she] acted."  Green v. Carlson, 826 F.2d 647, 649 (7th Cir. 1987).  In deciding whether defendants will enjoy qualified immunity, courts must determine "(1) whether the plaintiff has asserted a violation of a federal right, and (2) whether the constitutional standards implicated were clearly established at the time in question." Eversole v. Steele, 59 F.3d 710, 717 (7th Cir. 1995), *citing* Kernats v. O'Sullivan, 35 F.3d 1171, 1176 (7th Cir. 1994).  The first factor is a threshold issue.  If the plaintiff fails to state a violation of a federal right, then the plaintiff's claim fails altogether, and the court need not go on to decide whether the law was clearly established at the time of the offense.  *See* Marshall v. Allen, 984 F.2d 787, 793 (7th Cir. 1993); Zorzi v. County of Putnam, 30 F.3d 885, 892 (7th Cir. 1994); Eversole, 59 F.3d at 717.  In outlining the approach a court must take in addressing qualified immunity, the Seventh Circuit has advised:

> Once the defendant's actions are defined or characterized according to the specific facts of the case this characterization is compared to the body of law existing at the time of the alleged violation to determine if constitutional, statutory, or case law shows that the now specifically defined actions violated the clearly established law.

Landstrom v. Ill. Dept. of Children & Family Serv., 892 F.2d 670, 675 (7th Cir. 1990), *quoting* Rakovich v. Wade, 850 F.2d 1180, 1209 (7th Cir. 1988) (en banc), *cert. denied*, 109 S.Ct. 497 (1989).

Based on the allegations in the Second Amended Complaint, it is clear that Purvis has alleged a violation of her Fourteenth Amendment rights to due process and equal protection, and the Court has now found that her claims are sufficient to survive the Motion to Dismiss. The question then becomes whether her right to be free from such violations was clearly established in 2004. Purvis has alleged several violations of her Fourteenth Amendment rights, one of which is the denial of her right to a fair trial based on Defendants withholding of information important to the prosecutorial and administrative decisions, procuring fabricated inculpatory evidence, and intimidation of witnesses. As the right not to be deprived of a fair trial as a result of deliberate fabrication of false evidence by a government actor was recognized prior to November 2004, the Court must conclude that the contours of the right were sufficiently clear that a reasonable official would understand that the conduct alleged in this case would violate that right, and Purvis' claims should not be dismissed on qualified immunity at this time. *See* Manning v. Miller, 355 F.3d 1028, 1034-35 (7th Cir. 2004), *citing* Smith v. Fairman, 769 F.2d 386, 391 (7th Cir. 1985); Newsome v. McCabe, 256 F.3d 747, 752 (7th Cir. 2001).

Accordingly, the Court rejects Defendants' claim of qualified immunity without prejudice to their renewing their argument at the summary judgment stage of the litigation if the facts fail to demonstrate a cognizable violation of a federal right or any cognizable right that was clearly established at the relevant time.

   III.   *§ 1983 Due Process Claim*

Purvis alleges that Defendants violated her due process rights. Specifically, Purvis contends that Oest, Lunn, and Vicini willfully, intentionally, and arbitrarily disregarded appropriate procedures and protocol in handling the investigation of the rumors. She further

asserts that Defendants obstructed her investigation of the charges against her and her school administrative hearing, intimidated and harassed her student supporters and potential witnesses, failed to take prompt action to stop the harassment and intimidation of these witnesses by Ribas, threatened these witnesses with school punishment, as well as possible civil/criminal action, conducted undisclosed and unreported meetings with Spring Valley police, instructed teachers/staff/students to keep silent about relevant information supportive of Purvis' defense, instructed teachers/staff not to assist her in her defense, failed to immediately secure her personal property in her classroom to prevent it from being stolen, and failed to secure her classroom computer to prevent spoliation of the hard drive and files. As a result of these actions, Purvis claims that she was deprived of certain property and liberty interests, including her teaching position, loss of pay and benefits, attorney's fees and expenses in defending the criminal charges, and damage to her professional and personal reputation.

Defendants argue that none of these actions were taken by them in their individual capacities. Accordingly, they contend that they have no personal liability and should be dismissed.

Local government officials are still "persons" and may be sued as individuals under § 1983 if it is alleged that they deprived a plaintiff of a constitutional right. Here, Defendants focus on the allegations that Purvis was deprived of her tenured teaching position and the benefits flowing therefrom and suggest that this action can only be taken by the Board itself. While the loss of her teaching position is certainly a substantial portion of Purvis' claim, Defendants' argument ignores the multitude of other due process deprivations alleged in the Second Amended Complaint.

The Second Amended Complaint contends that Oest, Lunn, and Vicini acted in their official capacities under color of state law, and therefore, the only issue is whether Purvis has suffered a deprivation of a constitutional right. In order to establish that her Due Process rights were violated, a plaintiff must demonstrate (1) that the interest lost was a protected right under the Fourteenth Amendment; (2) that the loss amounted to a deprivation of that right, and; (3) that the deprivation was without due process of law. Polenz v. Parrott, 883 F.2d 551, 555 (7th Cir. 1989).

Here, Purvis has sufficiently pled the violation of her due process rights. Specifically, Purvis has alleged facts from which she could ultimately prove that she suffered a loss of property and liberty interests stemming from Defendants' willful misconduct during the investigation. She contends that as a result of Defendants' conduct influencing the Board's decision, she was deprived of her property interests in her teaching position, pay, and benefits, as well as labeled as an "indicated perpetrator" on the DCFS list of sexual abusers. The fact that she was initially suspended with pay is not fatal to her claim, as she was later terminated[2] and alleges that she has also been foreclosed from future employment opportunities by virtue of the publicized stigma and damage to her professional and personal reputation. She also maintains that Defendants' willful misconduct interfered with her right to defend herself by denying her a full, fair, and unbiased investigation and trial, interfered with her right to compulsory process for obtaining favorable witnesses, as well as prevented her from being fully apprised of the charges against her.

---

[2] Purvis and the Board ultimately settled her termination. However, that settlement was expressly "without prejudice to Plaintiff's right to proceed in this action."

Drawing all inferences in favor or Purvis, the gist of several due process violations based on Defendants' personal involvement or accomplished with their knowing consent is readily discernable. For example, this circuit has recognized a constitutional due process right to be free from prosecution based on falsified or tainted evidence. *See* Fox v. Tomczak, 2006 WL 1157466 (N.D. Ill 2006). In addition, Purvis had a constitutional due process right to a fair trial and administrative proceedings. If Oest, Lunn, or Vicini intentionally withheld facts, evidence, and influenced witness testimony, the Court cannot rule out the possibility that this right was also violated. *See* Gomez v. Riccio, 2005 WL 2978955 (N.D. Ill. 2005). Consequently, Purvis has sufficiently plead a Due Process violation and is entitled to proceed to discovery. Whether she can ultimately prove her case against these Defendants in their individual capacities is a question to be resolved on another day on a complete factual record. Therefore, Defendants' Motion to Dismiss the due process claims is denied.

### IV.    § 1983 Equal Protection Claim

Purvis next brings an Equal Protection claim. Specifically, Purvis alleges that Oest, Lunn, and Vicini intentionally treated her differently than Vicini, a male who was previously accused of sexual misconduct toward a female student, with no rational basis for the difference in treatment other than an illegitimate animus against her. Specifically, she contends that Defendants protected Vicini against investigation and prosecution for his sexual misconduct reported by Purvis while failing to investigate his bias and motives in coercing a Ribas to charge her and then prosecuting her for the persuaded/directed charges. Purvis further maintains that Defendants protected Ribas, a male, against investigation and prosecution for his reported crimes

so as not to diminish their efforts in prosecuting her. In the Motion to Dismiss, Defendants argue that Purvis has failed to sufficiently plead her claim.

Again, the only question is whether Purvis's right to equal protection of the laws was violated. The Equal Protection Clause of the Fourteenth Amendment protects individuals from discriminatory administration and enforcement of the law. Jackson v. City of Moline, 2006 WL 1554075 (C.D. Ill. 2006). In a traditional Equal Protection claim, a plaintiff must demonstrate that: (1) she is otherwise similarly situated to members of the unprotected class; (2) she was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent. Greer v. Amesqua, 212 F.3d 358, 370 (7th Cir. 2000). The Seventh Circuit also recognizes Equal Protection claims brought by a "class of one" when (1) the plaintiff alleges that she has been intentionally treated differently from others similarly situated and; (2) there is no rational basis for the difference in treatment or the defendant was motivated by discriminatory animus. McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2004).

In this case, Purvis pled that she is a member of a protected class (a female), that she is otherwise similarly situated to member of the unprotected class (Vicini), that she was treated differently than members of the unprotected class, and that the Defendants acted willfully, intentionally, and maliciously with discriminatory animus towards her as there was no rational basis for the difference in treatment. She has also alleged that Defendants were motivated by discriminatory animus. Therefore, Purvis has sufficiently pled either a traditional or a "class of one" equal protection claim for purposes of resolving this Motion to Dismiss.

Moreover, the Defendants have adopted the arguments of Bernabei and the City of Spring Valley on this issue. As such, Defendants' argument relies almost entirely on summary

judgment standards, often referring to what Purvis most *prove*. However, this is a review of a motion to dismiss; all Purvis is required to do is sufficiently plead the elements of her claims. She has done so. As a result, the Motion to Dismiss is denied in this respect, and she is entitled to proceed to discovery on this claim as well.

> V.  *Negligent Retention, Training, and Supervision*

Defendants argue that Purvis has failed to state a common law claim for negligent retention, training, and supervision. To succeed on this claim, she must establish: (1) that the employer knew or should have known that the employee had a particular unfitness for the employment position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness was the proximate cause of plaintiff's damages. Van Horne v. Muller, 185 Ill.2d 299, 705 N.E.2sd 898, 904 (Ill. 1998).

Purvis concedes that this claim is not properly pled against these Defendants. Accordingly, the Motion to Dismiss is granted in this respect.

> VI.  *Emotional Distress*

Defendants argue that Purvis has failed to plead a cause of action for intentional infliction of emotional distress. However, the Court does not interpret the Second Amended Complaint to assert any separate cause of action for intentional infliction of emotional distress, but rather as seeking compensation for the emotional distress that she has suffered as an element of damages under § 1983. Accordingly, this aspect of the Motion to Dismiss is without merit.

VII.    *Attorney's Fees*

Defendants next challenge the request for attorney's fees in the Second Amended Complaint on the grounds that she is not entitled to recover any attorney's fees and expenses incurred in connection with defending the criminal and administrative charges.  In her response, Purvis has clarified that she is seeking only statutory fees pursuant to 42 U.S.C. § 1988 in the event that she prevails in this litigation.  Accordingly, the request to dismiss on this basis is denied.

VII.    *Amount in Controversy*

Finally, Defendants move to dismiss Count I on the grounds that her prayer for relief is vague and does not clearly satisfy the jurisdictional requirement under 28 U.S.C. § 1332. However, this argument is misplaced, as this action clearly is brought in part pursuant to § 1983. As such, the Court has subject matter jurisdiction under 28 U.S.C. § 1331, regardless of the amount in controversy.

**CONCLUSION**

For the above reasons, the Motion to Dismiss by Defendants Oest, Lunn, and Vicini [#29] is granted in part and denied in part.  The Motion is granted with respect to the official capacity claims in Count I and the entirety of Count II as it pertains to these Defendants.  The Motion is denied in all other respects.  Purvis has previously been directed to file an amended

complaint, and all Defendants shall respond to the amended complaint within 14 days from the date that the amended complaint is filed.

    ENTERED this 28th day of August, 2006.


                                                   s/ Michael M. Mihm
                                                   Michael M. Mihm
                                                   United States District Judge